This is a suit for $295.93 on an open account. It was brought by William A. Shuler, doing business as the Shuler Supply Company, against William A. Richardson and Almont D. Richardson, his son, who are alleged to constitute a partnership known as the Richardson Service Station.
William A. Richardson, in his answer, denied that he was engaged in business with his son and this contention was upheld and no appeal taken from this judgment, consequently, he is no longer before the Court.
Almont D. Richardson admits owing $101.93 of the account sued on, which he avers he did not pay because plaintiff would not accept this amount without payment of the balance of the account or $194 which he claims he does not owe.
The amount in dispute represents the selling price of a Bogen Recording Machine and a needle used in connection with it. The position of the defendant is that this machine was delivered subject to approval, with the understanding that if it was not satisfactory it could be returned, whereas the plaintiff contends that it was an outright sale.
There was judgment below in favor of plaintiff in the amount prayed for and defendant has appealed.
The recording system is a device which records sound on a record which may be reproduced at will. Harold Ballam, sometime in January, 1940, discussed with Almont Richardson the sale of the recording system for use in connection with a sound truck which he had hired for use in promoting the candidacy of Earl K. Long in a gubernatorial primary election. The system was delivered to Richardson on February 5th, 1940, according to Richardson's testimony on trial, and according to Bellam as the result of an unconditional purchase. Richardson kept the device for several months and returned it after the political campaign was over. When it was brought back to the plaintiff he declined to accept it and cancel the sale, but stored it in his place of business for account of the defendant.
William A. Shuler, the plaintiff, testified that he was present when Richardson first spoke to Ballam about the machine and generally corroborated Ballam.
The defendant, Almont Richardson, and his father, William Richardson, on the contrary maintain that the machine was taken on trial and that Almont Richardson offered to return it as soon as he found out that it was not available for his purpose, but was told by Ballam to keep it and give it a further trial. Both deny *Page 224 
that the equipment was used in the political campaign.
It thus appears that two interested witnesses, if Ballam may be considered such, considering the fact that the evidence shows that he was not connected with the Shuler Supply Company at the time of the trial, support the position of the plaintiff, and two interested witnesses, father and son, maintain the contrary. In that situation, with the burden of proof resting upon the defendant to sustain his special defense and considering the fact that the trial court believed the plaintiff and did not credit the defendant and his witness, the judgment based upon a question of fact will not be disturbed, consequently, and
For the reasons herein assigned the judgment appealed from is affirmed.
Judgment affirmed.